JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Elba Guzman ("Ms. Guzman"), appeals from the trial court's decision that dismissed her counterclaim for want of prosecution with a court order and the trial court's judgment in favor of plaintiff-appellee, Parma Park West Apartments, Ltd., dba Parma West Apartments ("PPW"), following a bench trial in the Parma Municipal Court. For the reasons that follow, we affirm.
 {¶ 2} On March 2, 2006, PPW filed its complaint against Ms. Guzman for unpaid rent. Ms. Guzman filed her answer and counterclaim on April 18, 2006. PPW filed its reply to the counterclaim on April 25, 2006. On September 22, 2006, the trial court, by journal entry, directed the parties to exchange "trial briefs, witness and exhibit lists 2 weeks prior to trial. Bench Trial December 1, 2006 * * *." PPW filed and served its trial brief, including exhibit and witness list, to Ms. Guzman's counsel on November 16, 2006. Ms. Guzman concedes that she did not comply with the order and did not file a trial brief, witness lists or exhibit list.
 {¶ 3} On August 14, 2003, Ms. Guzman entered an apartment lease with PPW ("the Lease"). Paragraph 2 of the Lease provides:
 {¶ 4} "TERM AND RENEWAL AUTOMATIC
 {¶ 5} "2. The term of this lease shall be for One year(s), commencing on the 1st day of September 2003, and ending on the 31st day of August, 2004. In the event Leasee [sic] is not in default of any of the terms and conditions of this lease, this lease shall automatically renew itself for additional periods of one year. *Page 3 
 {¶ 6} "Either party may terminate this lease by notice in writing to the other party (30) days prior to the end of the current lease term."
 {¶ 7} The bench trial commenced on December 1, 2006. PPW moved the court to dismiss Ms. Guzman's counterclaim for failure to file a trial brief. Ms. Guzman voluntarily dismissed her claim for malicious prosecution but objected to the dismissal of the security deposit claim. The trial court dismissed the counterclaim.
 {¶ 8} PPW sought judgment in the amount of $493. The parties stipulated to the following: the Lease; that PPW was holding a security deposit in the amount of $449; that Ms. Guzman's only notice that she was going to vacate the premises was Exhibit 2, which she delivered to PPW on September 29, 2004; that Ms. Guzman vacated the premises on October 27, 2004; that rent was paid for October 2004 but that no rent was paid for November or December 2004. The suite was re-rented in December 20, 2004.
 {¶ 9} Bobbie Ramage testified on behalf of PPW. She is the property manager. Ms. Ramage stated that she delivered a letter to Ms. Guzman indicating her lease was an "automatic renewal." She identified Exhibit 3 as the letter that was delivered on July 13, 2004. Ms. Ramage placed the notice under Ms. Guzman's door. The letter provided "Your Lease will automatically renew at that above rate for an additional one-year period beginning September 1, 2004 unless the Rental Office receives written notice of non-renewal no later than August 1st." Ms. Guzman did not provide any such written notice to the rental office before August 1, 2004. *Page 4 
 {¶ 10} Ms. Ramage identified Exhibit 4, which was the automatic renewal of the Lease, stating it would renew for another year between September 1st to August 31, 2005. Ms. Ramage placed a copy of Exhibit 4 under Ms. Guzman's door. Exhibit 4 is dated August 10, 2004 and specifically provides: "In accordance with the Apartment Lease with [PPW] dated September 1, 2003 and with the Lease renewal letter to you dated on or about July 13, 2004, the aforesaid Lease had been automatically renewed for an additional one-year term commencing September 1, 2004 and terminating August 31, 2005 at a monthly rate of $460.00."
 {¶ 11} Ms. Ramage denied that Ms. Guzman ever told her she wanted to move out or terminate her Lease prior to the renewal of it. Ms. Guzman gave written notice of her intention to vacate on September 29, 2004 and she moved out on October 27, 2004. PPW re-rented the apartment on December 20, 2004. The total rent, late fees, and re-rental charges amounted to $942. After deducting the amount of the security deposit of $449, PPW was seeking a judgment against Ms. Guzman in the amount of $493.
 {¶ 12} Ms. Guzman testified that she never received Exhibits 3 and 4 and that she thought the Lease was for one year. Ms. Guzman stated that she told Ms. Ramage in June that she was going to move out. However, Ms. Guzman did not give written notice of her intent to vacate until one month after the Lease automatically renewed in September. Although Ms. Guzman eventually paid the increased rental amounts for September and October 2004, she claimed the *Page 5 
additional monies were for her use of the garage. Ms. Ramage had testified that Ms. Guzman did not have a garage.
 {¶ 13} PPW stipulated that Ms. Guzman wanted her security deposit returned to her.
 {¶ 14} Following the bench trial, the court found as follows: "I'm going to find that the Lease did rollover to a year and I'm going to give the Defendant the benefit of the doubt, I'm going to take off the 20 days that were charged in December so the Defendant is — Judgment is for the Plaintiff in the amount of $211.00, 6% from today and costs are the Defendants, are charged to the Defendant." On October 31, 2007, the trial court issued a nunc pro tunc entry reflecting the judgment in PPW's favor and the dismissal of the security deposit refund claim for failure to prosecute.
 {¶ 15} PPW advances three assignments of error for our review:
 {¶ 16} "I. The court erred in holding that the lease automatically renewed and that appellant owed rent for November."
 {¶ 17} We are to apply the abuse of discretion standard of review to a trial court's judgment following a bench trial with the guiding presumption that the fact-finder's findings are correct. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. The trial court does not abuse its discretion in entering a judgment if the judgment is supported by "`some competent, credible evidence going to all the *Page 6 
essential elements of the case * * *.'" Id. at 80, quoting CE. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 Ohio Op.3d 261,376 N.E.2d 578, syllabus.
 {¶ 18} In this case, the Lease clearly provides for automatic renewal unless a party provides written notice of its intention to terminate the Lease 30 days prior to the end of the current lease. In addition, PPW's property manager said she personally delivered to Ms. Guzman's residence notice of the renewal provisions on July 13, 2004 and over a month before they were to take effect. Conversely, Ms. Guzman testified that she did not receive the notice but claims she verbally told the property manager in June that she may not be able to stay due to the loss of her job. In any case, Ms. Guzman did stay and stayed beyond the initial term of the Lease. The evidence reflects that she paid the increased rental amounts and that she did not give written notice of her intention to vacate until late in September. The trial court's award in favor of PPW deducted the amount of security deposit withheld and did not hold Ms. Guzman responsible for the December rent even though PPW was not able to re-rent the unit until December 20, 2004. Accordingly, there is competent, credible, evidence in the record to support the trial court's judgment.
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} "II. The court erred and abused its discretion in dismissing plaintiff's counterclaim for her security deposit.
 {¶ 21} "III. The court erred as a matter of law that appellant is not entitled to her attorney fees." *Page 7 
 {¶ 22} Our disposition of the first assignment of error renders the remaining assignments of error, however meritorious, moot.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1